■ JOSEPH DI RUSSO, Respondent, v. DANIEL KRAVITZ, Appellant. [11444.] — In view of our determination in No. 11442 dismissing the action, the judgment entered June 13, 1966 is vacated on the law, with $50 costs and disbursements to the defendant. We add, that if the action were not dismissed, four of the members of this court would have voted to reverse the judgment in favor of the plaintiff and order a new trial, while one member of the court would have voted to dismiss on the ground that the malpractice of the defendant was not proven. The trial court's findings of malpractice were generally against the weight of the credible evidence. In addition, the trial court erred in excluding material hospital records which could have disclosed a basis other than defendant's alleged malpractice, for plaintiff's blindness. The exclusion of the records of Goshen Hospital, indicating that both eyes of the plaintiff were treated for the consequence of a gas boiler explosion, which occurred subsequent to plaintiff's last visit with the defendant doctor, precluded exploration as to whether the subsequent accident, rather than the alleged malpractice of the defendant, was the cause of plaintiff's corneal condition. Such hospital record might also have shown that at the time of the explosion, and even the subsequent operation, plaintiff was indeed not blind. Concur — Steuer, Rabin and McNally, JJ.; Eager, J. P., and Capozzoli, J., concur on constraint of the determination of appeal No. 11442, decided herewith.

■ In the Matter of the Claim of VICTORIA BECTON, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order entered July 20, 1966, herein appealed from, which directed MVAIC to accept a notice of claim, unanimously modified, on the law, to remand this matter for a preliminary hearing on the issues (a) whether the automobile involved in the accident, the A & J Rental car, was or was not an insured vehicle at the time of the accident (*Matter of Stanley [MVAIC]*, 20 A D 2d 877) and (b) whether the notice of claim was timely filed. As so modified the order is otherwise affirmed, with $30 costs and disbursements to abide the event. Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.

■ In the Matter of LOUISE SNYDER, an Incompetent Person, Now Deceased, by MAX FEIGIN, Committee of the Said LOUISE SNYDER, and Attorney for Said Committee, Appellant, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Respondents.— In this proceeding to settle the final account of the committee of a deceased person the committee, also an attorney, appeals from so much of an order entered October 20, 1966 as denied him an additional fee for services rendered and limited his compensation to the statutory commissions. In our opinion the services rendered were in excess of those normally or usually performed by an executor or administrator and appellant should be allowed a reasonable sum as additional compensation (Mental Hygiene Law, § 109, subd. (1); *Matter of Belaquer*, 19 A D 2d 841). The order appealed from is unanimously modified, on the law, the facts and in the exercise of discretion, to grant and allow appellant the sum of $1,000 as and for a legal fee and for disbursements incurred, payable out of the estate of the incompetent, and by modifying accordingly the second decretal paragraph of said order. As so modified the order appealed from is otherwise affirmed, without costs or disbursements to either party. It is clear that the sum received was not adequate to compensate appellant, an attorney, for the services rendered (cf. *Matter of Townsend*, 24 A D 2d 93, concurring opinion Eager, J.). Concur — Botein, P. J., Stevens, Tilzer, McNally and McGivern, JJ.